IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>-vs- )<br>) Criminal No. 02-39<br>MALEAK WILSON, )<br>) Civil No. 05-1786<br>Defendant. ) | |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

In this criminal matter, a jury convicted Defendant of violating 21 U.S.C. § 841(a)(1) and § 924(c)(1), which were adopted from charges filed against Defendant in state court. The United States Court of Appeals for the Third Circuit affirmed the convictions on September 27, 2004. A petition for certiorari was not filed.

Defendant has now filed a Motion for relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of trial and appellate counsel. For the following reasons, his Motion will be denied, and a certificate of appealability will not issue.

### DISCUSSION

**A. APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances,

1

when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255 Motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. March 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

**B. DEFENDANT'S MOTION**

Defendant claims that the attorneys who represented him at different stages of the criminal proceeding were ineffective. In particular, he claims that trial counsel was ineffective for failing to investigate, call, and interview certain witnesses, and in failing to raise Booker/FanFan objections, causing Defendant to interpose an objection on his own behalf. He further asserts that appellate counsel was ineffective for failing to petition for certiorari despite a written request from Defendant.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied

2

in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel Is not ineffective for failing to raise meritless issues. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).

With respect to the failure to call or interview witnesses, it is well settled that vague and conclusory allegations cannot establish ineffective assistance of counsel. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991). "The defense attorney has no obligation to call, or even to interview, a witness whose testimony would not have exculpated [Defendant] or would have been damaging to [Defendant's] case. Thus, the burden is on [Defendant] to show a 'reasonable probability that he would have been acquitted had [the witnesses] testified either alone or in conjunction with [Defendant].'" United States v. Walker, No. 94-488, 2000 U.S. Dist. LEXIS 4774, at **12-13 (E.D. Pa. Apr. 4, 2000) (citations omitted). Defendant avers that witnesses Kim Patterson and Dewayne Owens would have impeached the arresting officer's testimony, and therefore led to a verdict of not guilty. Under applicable standards, these spare allegations do not suggest the required probability.

I reach a similar conclusion with respect to Defendant's allegations regarding Eddie Green's possible ownership of the guns and drugs involved in the subject offenses. Trial counsel filed a Rule 33 Motion based on newly discovered evidence, which addressed various issues surrounding Eddie Green. By Order dated October

3

22, 2003, I denied the Motion, in part based on my finding that Defendant did not meet the due diligence requirement imposed by Rule 33. However, "there is a middle ground" between a failure in Rule 33 due diligence and ineffective assistance; one does not necessarily equal the other. United States v. Slayman, 760 F.2d 262 (3d Cir. 1985). The present facts fall within that gap. When counsel learned about potential evidence involving Mr. Green, she filed an appropriate motion. Her conduct did not fall below the required level of competent assistance. Moreover, it is clear that Defendant was not prejudiced by counsel's performance regarding Mr. Green; our Court of Appeals noted that evidence of Mr. Green's identity would not have added significantly to the information that the jury considered. United States v. Wilson, 110 Fed. Appx. 222, 224 (3d Cir. 2004).

Defendant also claims that trial counsel was ineffective regarding the sentencing guidelines. In particular, he challenges a purported failure to object to career offender designation, and failure to argue that the designation was based on consolidated, rather than separate, sentences. A sentencing guideline issue may be waived if not raised on direct appeal. United States v. Essig, 10 F.3d 968, 977 (3d Cir. 1993). Such a procedural default will not be set aside under Section 2255 unless the petitioner can establish cause for the default and that prejudice resulted from the default. Id. at 979. Defendant has not established such cause and prejudice here. Moreover, counsel did, in fact, raise these issues at the sentencing hearing; it cannot be said that counsel was ineffective in that regard. In addition, it is clear that Defendant was not prejudiced by this course of events. To the extent that

Defendant interposed his own objection, an objection was made; also, the designation was appropriately grounded. See, e.g., United States v. Hallman, 23 F.3d 821, 824 (3d Cir. 1994).

As regards appellate counsel, it is sufficient for her to have raised those claims which she reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id. Courts within this circuit have "consistently denied ineffective assistance of counsel claims raised in connection with an attorney's failure to file a petition for writ of certiorari." United States v. Sawyer, 2005 U.S. Dist. LEXIS 18405 (E.D. Pa. 2005). Even though Defendant specifically requested that counsel petition for certiorari, he cannot demonstrate the required prejudice.[1] See id.

Finally, Defendant raises a challenge for failure to raise an objection under the companion cases United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which applied Blakely v. Washington, __ U.S. __, 125 S. Ct. 21, 159 L. Ed. 2d 851 (2004), to the federal sentencing guidelines. Booker does not apply retroactively to § 2255 motions in cases where judgment became final prior to January 12, 2005. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005). Here, the judgment became final on the date the petition for certiorari should have been filed, which was prior to Booker. In this case, Defendant claims that he failed

---

[1] I note, too, counsel's letter explaining the decision not to file the certiorari petition, which Defendant attaches as an Exhibit to his petition. The letter indicates that counsel adequately considered the request, and determined that such a petition would be without merit.

to file for certiorari due to ineffective counsel. For the reasons identified in this Opinion, counsel was not ineffective in any respect asserted by Defendant. Therefore, Defendant has not demonstrated that <u>Booker</u> is be applicable here.

### D. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

### **CONCLUSION**

For the foregoing reasons, Defendant has not met the requirements for relief under Section 2255 on any of his claims of error. This matter entailed no fundamental defects, omissions, or miscarriage of justice on the grounds charged. An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>-vs- )<br>) Criminal No. 02-39<br>MALEAK WILSON, )<br>) Civil No. 05-1786<br>  Defendant. ) | |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **22nd** day of May, 2006, after careful consideration and for the reasons set forth above, It is Ordered that Defendant's Motion to Vacate, Correct, or Set Aside Conviction Pursuant to 28 U.S.C. § 2255 (Docket No. 100) is DENIED. No certificate of appealability shall issue. This case is closed.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge